ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LYDIA JANETTE ZAMBRANA ROIG<br><br>RECURRIDA<br><br>V.<br><br>EDIVIA YARIELA REYES MARTÍNEZ, su esposo JOHN DOE y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos; NICOLE E. SANTIAGO REYES, su esposo JOE DOAKES y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos; M.J. CONSULTING & DEVELOPMENT, INC.; Compañía Aseguradora ABC<br><br>PETICIONARIAS | KLCE202401098 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br>_____<br>Caso Civil:<br>CO2022CV00394<br>_____<br>SOBRE:<br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece M.J. Consulting & Development, Inc., ("M.J. Consulting" o "Peticionaria"), y nos solicita que revoquemos la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de Coamo, ("TPI" o "foro recurrido"), el 12 de septiembre de 2024.[1] Mediante dicho dictamen, el TPI declaró no ha lugar la *Solicitud de Sentencia Sumaria Parcial* que presentó el Peticionario y señaló vista para el estado de los procedimientos.

Por los fundamentos que exponemos a continuación, expedimos el auto solicitado, revocamos la *Resolución*

_____

[1] La *Resolución* fue registrada, archivada y notificada el 13 de septiembre de 2024. Véase Apéndice del recurso de *certiorari*, pág. 129.

Número Identificador

RES2024_____

recurrida y se desestima la demanda contra M.J. Consulting, con perjuicio.

-I-

Los hechos que originan la controversia ante nuestra consideración se remontan al 21 de septiembre de 2022, fecha en que la señora Edivia Yariela Reyes Martínez ("señora Reyes") amenazó e insultó a la señora Lydia Janette Zambrana Roig ("señora Zambrana" o "Recurrida") frente al edificio donde esta vive en el residencial Jardín El Edén en Coamo.[2]

Al día siguiente, el 22 de septiembre de 2022, la señora Reyes Martínez tocó en la puerta del apartamento de la Recurrida.[3] Cuando la señora Zambrana abrió, la señora Reyes comenzó a gritarle y la invitó a pelear. La señora Zambrana le respondió que "no era esa clase de persona para irme abajo a eso".[4] Ante esta respuesta, la señora Reyes, desde el pasillo, le lanzó un teléfono celular que impactó a la señora Zambrana en su ojo izquierdo.[5] Esta sufrió una lesión y hematoma en su ojo.

Posteriormente, la hija de la señora Reyes subió hasta el apartamento de la Recurrida, la sujetó por los hombros y le rompió una cadena que esta tenía en el cuello. La señora Zambrana retrocedió, cerró la puerta de su apartamento y llamó a la Policía para denunciar lo sucedido.[6]

Por estos hechos, la señora Zambrana presentó una *Demanda* de daños y perjuicios contra la señora Reyes, su hija Nicole Santiago Reyes ("señora Santiago") y M.J. Consulting, compañía que está a cargo de la

---

[2] Véase Apéndice del Recurso de *Certiorari*, págs. 64-66.
[3] *Íd.*, pág. 71.
[4] *Íd.*, pág. 73.
[5] *Íd.*, pág. 74.
[6] *Íd.*, pág. 74-75.

administración del residencial.[7] Alega que la actuación intencional, culposa y negligente de las señoras Reyes y Santiago le causó daños físicos y angustias mentales. A su vez, le imputó negligencia a la administración del residencial público Jardín El Edén, al no tomar medidas de seguridad para evitar el daño causado.[8]

En respuesta, M.J. Consulting negó la mayoría de las alegaciones en su contra y levantó como defensas afirmativas, entre otras, que los daños alegados fueron causados por terceras personas por las que no responde; que los daños sufridos son consecuencia de la conducta negligente de la Recurrida; y que no conocía, ni podía imputársele conocimiento de una situación de peligrosidad.[9]

Más adelante, la Peticionaria presentó una *Solicitud de Sentencia Sumaria Parcial* en la que expuso que no existe relación causal entre las alegadas acciones u omisiones negligentes imputadas a M.J. Consulting y el incidente que sufrió la señora Zambrana.[10] Ante ello, sostuvo que no hay controversia sobre los hechos materiales, por lo que procedía dictarse sentencia sumaria parcial y desestimar la acción en su contra. Por último, aseguró que la Recurrida no cuenta con evidencia admisible que demuestre los elementos de negligencia y el nexo causal entre las acciones u omisiones atribuidas a M.J. Consulting y los daños ocasionados por la agresión cometida.[11]

---

[7] *Íd.*, págs. 1-10.
[8] *Íd.*
[9] *Íd.*, págs. 11-23.
[10] *Íd.*, págs. 24-43.
[11] *Íd.*

En desacuerdo, la Recurrida presentó una *Moción En Oposición A Que Se Dicte Sentencia Sumaria*.[12] Expuso que M.J. Consulting no pudo demostrar la ausencia de controversia sobre hechos esenciales y pertinentes. Por tal motivo, sostuvo que el pleito debía dilucidarse mediante una vista en sus méritos.[13]

Examinadas las peticiones y los documentos presentados por ambas partes, el TPI dictó *Resolución* en la que determinó que existían elementos subjetivos que no se podían dilucidar de manera sumaria.[14] En consecuencia, declaró no ha lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por la Peticionaria y ordenó la continuación de los procedimientos.

Inconforme con lo resuelto, M.J. Consulting recurrió ante este foro intermedio mediante el recurso de epígrafe en el que señaló los siguientes errores:

### PRIMER SEÑALAMIENTO DE ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO HACER CONSTAR EN SU RESOLUCIÓN LAS DETERMINACIONES DE HECHOS ESENCIALES Y PERTINENTES SOBRE LOS CUALES NO EXISTE CONTROVERSIA SUSTANCIAL Y LOS HECHOS ESENCIALES Y PERTINENTES QUE ESTÁN REALMENTE CONTROVERTIDOS, SI ALGUNO, LO CUAL SE NIEGA, NI SUS CONCLUSIONES DE DERECHO, AUN CUANDO DENEGÓ TOTALMENTE LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR LA PARTE CODEMANDADA-PETICIONARIA, MJ CONSULTING, EN CLARA CONTRAVENCIÓN A LAS DISPOSICIONES DE LAS REGLAS 36.4 Y 42.2 DE PROCEDIMIENTO CIVIL, *SUPRA*.

### SEGUNDO SEÑALAMIENTO DE ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR LA PARTE CODEMANDADA-PETICIONARIA, MJ CONSULTING, AUN CUANDO NO EXISTE CONTROVERSIA DE HECHOS MATERIALES EN CUANTO A LA AUSENCIA DE RELACIÓN CAUSAL ENTRE LA ALEGADA ACCIÓN U OMISIÓN NEGLIGENTE COMETIDA POR MJ CONSULTING Y LOS DAÑOS ALEGADOS Y, CARECIENDO A SU VEZ LA PARTE DEMANDANTE-RECURRIDA, DE EVIDENCIA ADMISIBLE SUFICIENTE PARA PROBAR MÁS DE UNO DE LOS ELEMENTOS MATERIALES Y ESENCIALES DE SU CAUSA DE ACCIÓN O RECLAMACIÓN, A SABER, LA NEGLIGENCIA Y EL NEXO CAUSAL.

---

[12] *Íd.*, págs. 110-121.
[13] *Íd.*
[14] *Íd.*, págs. 122-128.

-II-

## A. *Certiorari*

El *certiorari* "es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior".[15] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[16]

Al presentarse un recurso de *certiorari* de naturaleza civil ante nosotros, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil.[17] Esta norma procesal regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[18] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010, y dispone como sigue:

> Todo procedimiento de apelación, *certiorari*, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de

---

[15] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016).
[16] *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[17] 32 LPRA Ap. V, R.52.1.
[18] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019).

> la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[19]

Cabe "recordar que, si bien el auto de *certiorari* […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del Derecho".[20] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[21]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[22] Al respecto, y con el fin de que el Tribunal de Apelaciones pueda ejercer su discreción, la Regla 40 de su Reglamento[23], "establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de *certiorari*.[24] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[19] 32 LPRA Ap. V, R.52.1.
[20] *Mun. de Caguas v. JRO Construction*, supra, pág. 711; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[21] *Id.*; *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 91 (2001).
[22] *Mun. de Caguas v. JRO Construction*, supra, pág. 712; *IG Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[23] 4 LPRA Ap. XXII-B, R. 40.
[24] *Municipio v. JRO Construction, supra.*

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[25]

El Tribunal Supremo de Puerto Rico ("TSPR") ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto.[26] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

**B. Sentencia Sumaria**

La sentencia sumaria es un remedio procesal de carácter extraordinario y discrecional, el cual tiene como finalidad propiciar "la solución justa, rápida y económica de los litigios civiles cuando éstos no presentan controversias genuinas de hechos materiales".[27] Este mecanismo procesal no requiere la celebración de un juicio en su fondo, ya que, ante la inexistencia de controversias reales y sustanciales sobre hechos materiales, lo único que resta es dirimir las controversias de derecho.[28]

La Regla 36 de Procedimiento Civil de Puerto Rico regula todo lo relacionado a la sentencia sumaria[29]. La

---

[25] 4 LPRA Ap. XXII-B, R. 40.
[26] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).
[27] *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 610 (2023); *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 128 (2012).
[28] *Const. José Carro v. Mun. Dorado*, *supra*; *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).
[29] *Íd.*

norma procesal permite a los tribunales dictar sentencia sumariamente cuando los hechos de un caso no están en controversia y el derecho favorece la posición de la parte que la solicita.[30]

Para adjudicar una controversia de manera sumaria, la parte que solicita el remedio deberá "presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente", ya sea sobre la totalidad de la reclamación o parte de ésta.[31]

Sin embargo, el TSPR ha sido enfático en que "***solo procede que se dicte sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable*** y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia".[32]

A tenor, el promovente de la moción tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a algún hecho material, o sea, sobre ningún componente de la causa de acción.[33] En segundo lugar, la parte que se opone está obligada a establecer la existencia de una controversia que sea real en cuanto a algún hecho material y, en ese sentido,

---

[30] 32 LPRA Ap. V, R. 36.1.
[31] *Íd*.
[32] (Énfasis suplido). *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109-110 (2015).
[33] *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 110.

no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria.[34]

De ordinario, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando haya alegaciones afirmativas en la demanda que han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surja que existe una controversia sobre algún hecho material y esencial; o (4) como cuestión de derecho, ésta no proceda.[35]

En cuanto al estándar revisor del foro apelativo ante este tipo de moción, el TSPR ha precisado que *el tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria*.[36] En ese sentido, el foro apelativo se encuentra en la misma posición que el TPI al momento de revisar estas solicitudes.[37] No obstante, el Tribunal intermedio deberá limitar su revisión en dos aspectos, "no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo".[38]

Por último, en *Meléndez González et al. v. M. Cuebas*, *supra*, el TSPR recogió diversos aspectos importantes respecto a la revisión del Tribunal de

---

[34] *Íd.*, pág. 111; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).
[35] *Serrano Picón v. Multinational Life Ins.*, *supra*; *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26-27 (2014).
[36] *Meléndez González et al. v. M. Cuebas*, supra, pág. 114, citando a *Vera v. Dr. Bravo*, supra.
[37] *Íd.*, pág. 115.
[38] *Íd.*, pág. 118.

Apelaciones de las mociones de sentencia sumaria. Entre estos, resaltan los siguientes:

(1) la revisión del Tribunal de Apelaciones es *de novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor;

(2) por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*, y discutidos en *SLG Zapata-Rivera v. J.F. Montalvo*, supra;

3) en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, *el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos*. Esta determinación se puede hacer en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia;

4) y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[39]

## C. **Declaración de Hechos Probados y Conclusiones de Derecho**

La Regla 42.2 de Procedimiento Civil establece en su parte pertinente lo siguiente:

En todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. […]

No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:

(a)         al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2;

[…]

En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.[40]

---

[39] (Énfasis en el original). *Íd.*, págs. 118-119.
[40] 32 LPRA Ap. V, R. 42.2.

Ahora bien, la Regla 36.4 de Procedimiento Civil dispone:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
>
> A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.[41]

Conforme lo anterior, si el tribunal deniega una solicitud de sentencia sumaria estará obligado a determinar los hechos importantes y pertinentes sobre los que no existe controversia sustancial, así como aquellos que estén controvertidos, de manera que no se tenga que volver a litigar los hechos que no están en controversia.[42]

En *Meléndez González et al. v. M. Cuebas*, supra, el TSPR reiteró que la Regla 36.4 de las de Procedimiento Civil exige a los tribunales que, independientemente de cómo resuelvan una Moción de Sentencia Sumaria, emitan una lista de los hechos materiales que no están en controversia en el pleito y los que sí lo están.

### D. La responsabilidad civil extracontractual

Nuestro ordenamiento civil establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo".[43] Es decir, para imponer responsabilidad civil es determinante alegar y probar

---

[41] 32 LPRA Ap. V, R. 36.4.
[42] Informe de Reglas de Procedimiento Civil, marzo de 2008, pág. 406.
[43] Art. 1536 del Código Civil, 31 LPRA sec. 10801.

que hubo un daño, un acto u omisión culposa o negligente y que existe un nexo causal entre el daño y la acción u omisión culposa o negligente.[44]

La doctrina define el daño como "todo aquel menoscabo material o moral que sufre una persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra".[45]

Por otro lado, la culpa o negligencia es la "falta del debido cuidado, esto es, no anticipar ni prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en tales circunstancias".[46]

Asimismo, la culpa consiste en la omisión de la diligencia exigible, mediante la cual se podría haber evitado el daño.[47] Esa diligencia exigible, a su vez, es la que corresponde esperar de un buen padre de familia o de una persona prudente y razonable.[48] De esta forma, si un daño es previsible por este, hay responsabilidad; si no es previsible, suele tratarse de un caso fortuito.[49]

Ha quedado establecido que la previsibilidad es un elemento esencial de la responsabilidad por culpa o negligencia, tanto para determinar el acto negligente como la relación causal entre este y el daño reclamado.[50] Ello responde a que el deber de cuidado incluye tanto la

---

[44] *Sucn. Mena Pamias et al. v. Meléndez et al.*, 212 DPR 758, 768 (2023); *SLG Colón-Rivas v. ELA*, 196 DPR 855, 864 (2016); *López v. Dr. Cañizares*, 163 DPR 119, 132 (2004).
[45] *Santini Rivera v. Serv Air, Inc.*, 137 DPR 1, 7 (1994).
[46] *Montalvo v. Cruz*, 144 DPR 748, 755 (1998).
[47] *Íd.*, pág. 756 (citando a C. Rogel Vide, *La Responsabilidad Civil Extracontractual*, Madrid, Ed. Civitas, 1976, pág. 90).
[48] *Sucn. Mena Pamias et al. v. Meléndez et al.*, supra; *López v. Porrata Doria*, 169 DPR 135, 151 (2006); *Montalvo v. Cruz*, supra; *Toro Aponte v. ELA*, 142 DPR 464, 473 (1997).
[49] *Montalvo v. Cruz*, supra, pág. 756.
[50] *López v. Porrata Doria*, supra, pág. 164.

obligación de anticipar el daño como la de evitar que ocurra, siempre que la probabilidad de su ocurrencia sea razonablemente previsible.[51]

Dicho de otra forma, para que ocurra un acto negligente basta con que el actor haya previsto que su conducta probablemente causaría daños de alguna clase a alguna persona, aun cuando no hubiese previsto las consecuencias particulares o el daño específico que resultó, ni el mecanismo particular que lo produjo ni la persona especifica que fue perjudicada.[52]

Ahora bien, el deber de previsión no se extiende a todo riesgo posible.[53] Es decir, el deber de anticipar y prever los daños no abarca todo peligro imaginable que pueda amenazar la seguridad de las personas; la norma es que el riesgo que debe preverse debe estar basado en probabilidades y no meras posibilidades.[54]

Cónsono con lo anterior, cuando se alega que un daño se debe a una omisión, la causa de acción se configurará cuando: (1) exista un deber de actuar y se quebrante esa obligación, y (2) cuando de haberse realizado el acto omitido se hubiese evitado el daño.[55] En palabras del TSPR, la pregunta de umbral en estos casos es "si existía un deber jurídico de actuar de parte del alegado causante del daño".[56] Con esto en mente, la norma en estos casos establece que:

> [S]i la omisión del alegado causante del daño quebranta un deber impuesto o reconocido por ley de ejercer, como lo haría un hombre prudente y razonable, aquel grado de cuidado, diligencia, vigilancia y precaución que las circunstancias le exigen y el daño causado se debió a

---

[51] *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 309 (1990).
[52] *López v. Porrata Doria*, *supra*, pág. 164 (*citando a* H. M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1986, págs. 184-185).
[53] *Montalvo v. Cruz*, *supra*, pág. 756.
[54] *López v. Porrata Doria*, *supra*, págs. 164-165.
[55] *Santiago v. Sup. Grande*, 166 DPR 796, 807 (2006).
[56] *Íd.*, págs. 807-808.

dicho deber omitido, cabrá imponerle responsabilidad al causante.[57]

Con el beneficio de la comparecencia de las partes, resolvemos.

-III-

M.J. Consulting alega que el TPI erró al denegar su *Solicitud de Sentencia Sumaria Parcial* mediante una Resolución que no cumplió con la Regla 36.4 ni la Regla 42.2 de Procedimiento Civil, *supra*. Sostiene que el dictamen recurrido no incluyó las determinaciones del tribunal sobre los hechos esenciales y pertinentes incontrovertidos y los que estaban en controversia. Añade que tampoco esbozó sus conclusiones de derecho, a pesar de que declaró no ha lugar la moción que presentó.

Indica, además, que la oposición a la moción de sentencia sumaria no cumplió con la Regla 36, *supra*, pues la Recurrida no controvirtió los hechos que expuso en su *Solicitud de Sentencia Sumaria*, ni presentó documento alguno a esos fines. Arguye que solo se limitó a esbozar alegaciones sin prueba que las sustentara. Por ello, afirma que la Recurrida "carece de evidencia admisible suficiente para demostrar, en primer lugar, la alegada acción u omisión negligente de la codemandada-peticionaria, MJ Consulting" y, por ende, la relación causal entre alegada negligencia que se le imputa y el daño que recibió la señora Zambrana.

Por su parte, la Recurrida argumenta que el pleito de epígrafe amerita ser dilucidado en una vista en sus méritos. Ello, debido a que la Peticionaria no demostró la inexistencia de una controversia real y sustancial sobre la falta de medidas de seguridad que protegieran

---

[57] *Íd.*, pág. 808. (citas omitidas).

a la señora Zambrana de la agresión recibida. Sostiene, además, que los daños causados eran previsibles y "cualquier administrador razonable y prudente pudo haberl[o]s evitado" si hubiera implementado las medidas de seguridad. En consecuencia, concluye que no procede disponer de la reclamación de manera sumaria. No le asiste la razón.

Después de revisar *de novo* las alegaciones y el expediente de la manera más favorable a la Recurrida, hallamos que esta no impugnó los hechos identificados como incontrovertidos por la Peticionaria. La señora Zambrana no presentó prueba alguna que refutara los hechos propuestos por M.J. Consulting. Peor aún, en su respuesta se limitó a repetir las alegaciones contenidas en la Demanda y se amparó a que sometería la prueba sobre los daños alegados una vez el tribunal celebrara la vista del caso en sus méritos. Por consiguiente, a tenor con la norma previamente expuesta procede revisar si el TPI aplicó correctamente el derecho a la controversia. Veamos.

Aunque la falta de cumplimento con los requisitos de forma que establece la Regla 36.3 de Procedimiento Civil, *supra*, no obliga al tribunal a que inmediatamente resuelva la moción de sentencia sumaria a favor del promovente, ciertamente, en este caso resalta la ausencia de evidencia que demuestre la conexión entre el daño alegado y la supuesta acción negligente de M.J. Consulting.

Los documentos que presentó la Peticionaria demuestran que el daño imputado fue causado por la agresión perpetrada por la señora Reyes y la señora Santiago. Aunque la señora Zambrana alega que M.J.

Consulting actuó negligentemente, al no prever ni evitar el daño ocasionado, la prueba revela que esta no acudió a la administración del complejo para tan siquiera alertar de los ataques verbales que recibió el día antes del suceso. Cabe señalar que las agresoras se hospedaban en el apartamento vecino. Es decir, no eran personas ajenas a la comunidad.[58]

M.J. Consulting advino en conocimiento del acometimiento al día siguiente de la agresión perpetrada.[59] Inmediatamente, la gerente del complejo, Ruth N. Ortiz Marrero, informó lo sucedido al encargado de seguridad, Juan Aponte. Ese mismo día, el señor Aponte, como medida de seguridad, le ofreció a la señora Zambrana un cambio de vivienda que esta rechazó.[60]

De lo anterior, podemos deducir que no era previsible la actuación de las señoras Reyes y Santiago contra la señora Zambrana, pues no surgen hechos anteriores, conocidos por la administración, que anticiparan el incidente fortuito, tal y como alegó la señora Zambrana.[61] La propia Recurrida admitió que no conocía de ningún otro suceso provocado por éstas previo a los hechos que acaecieron el 21 y 22 de septiembre de 2022.[62] Cabe señalar, que la señoras Reyes y Santiago se encontraban de visita en el residencial Jardín El Edén. Por consiguiente, M.J. Consulting no podía prever que éstas podían cometer la agresión imputada.

En consecuencia, concluimos que la Recurrida no controvirtió los hechos materiales y pertinentes presentados por la Peticionaria, mediante prueba que

---

[58] Véase Apéndice del Recurso de *Certiorari*, págs. 63-64.
[59] *Íd.*, pág. 100.
[60] *Íd.*, pág. 107.
[61] *Íd.*, pág. 64-65.
[62] *Íd.*, pág. 65.

estableciera la existencia de una relación causal entre el daño recibido y la supuesta negligencia de M.J. Consulting.[63] Cabe recordar que meras alegaciones no constituyen prueba.[64] Así pues, la parte recurrida no podía descansar en sus alegaciones, sino que estaba obligada a presentar evidencia que refutara los hechos alegados por la Peticionaria.[65]

En consideración a lo anterior, determinamos que erró el TPI al denegar la moción de sentencia sumaria y ordenar la continuación de los procedimientos, sin antes consignar los hechos esenciales y pertinentes que consideró incontrovertidos y aquellos que estaban realmente y de buena fe en controversia, como exige nuestro ordenamiento civil.[66] Por consiguiente, se revoca el dictamen recurrido y se desestima la acción contra M.J. Consulting.

-IV-

Por los fundamentos que anteceden, expedimos el auto de *Certiorari*, se revoca la *Resolución* y se desestima el reclamo contra M.J. Consulting, con perjuicio. Se devuelve el caso al Tribunal de Primera Instancia, Sala de Coamo, para la continuación de los procedimientos en cuanto a las demás partes.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[63] *Meléndez González et al. v. M. Cuebas*, supra.
[64]
[65] Regla 36.3 (c) de Procedimiento Civil, *supra*.
[66] Reglas 36.4 y 42.2 de Procedimiento Civil, *supra*.